IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MONTGOMERY CARL AKERS,**

      Plaintiff,

v.                                        CIVIL ACTION NO.: 3:22-CV-148
                                            (GROH)

**JASON SIMMONS, JAMIE CONOVER,
KATHY S. HILL, NATHAN SIMPKINS,
EVELYN KELLER, and ALL UNNAMED
PERSONNEL EMPLOYED ACTIVELY
BY THE COUNTER TERRORISM UNIT
AND THOSE INACTIVE AND/OR RETIRED
OF THE US DEPT OF JUSTICE STATIONED
AT MARTINSBURG WV FROM NOV 29
UNTIL PRESENT DAY,**

      Defendants.

## ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Now before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble. ECF No. 11. Therein, Magistrate Judge Trumble recommends the Plaintiff's request for injunctive relief be denied and that this action be dismissed with prejudice. Id. at 19. The Plaintiff timely filed objections to the R&R. ECF No. 16. Accordingly, this matter is ripe for adjudication.

### I. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985).

"When a party does make objections, but the[] objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. N.Y. State Div. of Parole, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." Osmon v. United States, 66 F.4th 144, 146 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). While "[d]istrict courts are not expected to relitigate entire cases to determine the basis of a litigant's objections[,] . . . [i]f the grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both § 636(b)(1) and Article III [of the U.S. Constitution]." Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023).

Finally, the Fourth Circuit has long held, "[a]bsent objection, [no] explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983)

(finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

## II. DISCUSSION

First, the Court finds Magistrate Judge Trumble accurately and succinctly summarizes the background of this case in his R&R. ECF No. 11 at 2–3. In the interest of brevity, the Court incorporates that summary herein.

The R&R recommends the Plaintiff's request for injunctive relief be denied and that this action be dismissed with prejudice. Id. at 19. In support, the R&R reasons: (1) the Plaintiff has not adequately alleged a physical injury, which, under the Prison Litigation Reform Act ("PLRA"), is a prerequisite to a civil action seeking monetary damages [ECF No. 11 at 15–16]; (2) the Plaintiff improperly filed suit against a group of "unnamed personnel" [ECF No. 11 at 16]; (3) the Plaintiff failed to state a claim upon which relief can be granted insofar as the Plaintiff has not alleged a physical injury or that any injury was proximately caused by the Defendants [ECF No. 11 at 16–17]; and (4) the Plaintiff cannot satisfy the test for injunctive relief articulated by the Supreme Court of the United States in Winter v. National Resources Defense Council, 555 U.S. 7 (2008) [ECF No. 11 at 17–18].

The Plaintiff makes six objections to the R&R. ECF No. 16. First, the Plaintiff avers the R&R left out "salient facts" regarding Magistrate Judge Trumble's order permitting the Plaintiff to proceed without prepayment of fees [ECF No. 6]. Id. at 1–2. Second, the Plaintiff takes issue with the R&R including the Plaintiff's prior convictions in its background section. Id. at 2–4. Third, the Plaintiff contests the R&R's characterization of CMUs. Id. at 4–5. Fourth, the Plaintiff, without pointing to any part of the R&R, argues he

3

does not present a new cause of action under Bivens. Id. at 5–8. Fifth, the Plaintiff avers he has sufficiently alleged a physical injury. Id. at 8–9. Sixth, the Plaintiff generally contends "[h]e can satisfy the Winter test for preliminary injunction." Id. at 9.

Upon consideration of the Plaintiff's objections, and *de novo* review of the related portions of the R&R, the Court holds the objections lack merit. Beginning with the Plaintiff's first objection, the issues it raises are not salient to this matter insofar as they concern a separate case, 3:22-CV-172.

As to the Plaintiff's second objection, the R&R's inclusion of the Plaintiff's "long history of financial crimes prosecuted in federal courts" in its background section has no impact on the R&R's reasoning or conclusions. ECF No. 11 at 2. Additionally, far from presenting evidence of prejudice, the R&R's background is but one example of Magistrate Judge Trumble's commitment to thoughtful, all-encompassing, and thorough review of the cases before him.

Next, the Plaintiff's third objection is unfounded. Specifically, the BOP's *Legal Resource Guide to the Federal Bureau of Prisons* makes clear that CMUs "house inmates who, due to their current offense of conviction, offense conduct, or other verified information, required increased monitoring of communications[.]" U.S. DEP'T OF JUSTICE, p. 18 (2014). CMUs are general population units, "with access to customary inmate activities, such as recreation, religious services, and education programming." Id. The Plaintiff offers no evidence to contradict this description as presented in the R&R. Moreover, the Plaintiff's security designation and placement are properly within the BOP's discretion. See 18 U.S.C. § 3261(b). Further, inmates have no protected interest in programming. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976).

Turning to the Plaintiff's fourth objection, the Court finds it is moot. At no point does the R&R reason or conclude that the Plaintiff presents a new cause of action under Bivens. Thus, the Plaintiff's fourth objection is moot insofar as it does not actually object to any portion of the R&R.

Regarding the Plaintiff's fifth objection, the Court is unpersuaded. "Although the PLRA does not define 'physical injury' and the Fourth Circuit has not provided a definition, other courts have held that the 'physical injury' referenced by the [PLRA] need not be significant, but must be more than *de minimis*." Christian v. Hale, 2019 WL 7559789, at *8 (S.D. W. Va. June 27, 2019) (collecting cases). Additionally, some courts have found injuries allegedly incurred as a result of emotional distress are similarly insufficient. E.g., Davis v. District of Columbia, 158 F.3d 1342, 1349 (D.C. Cir. 1998) ("Both the explicit requirement of § 1997e(e) that the physical injury be 'prior,' and the statutory purpose of discouraging frivolous suits, preclude reliance on the somatic manifestations of emotional distress[.]"). Contrary to the Plaintiff's suggestion in his objections, the Complaint alleges at most that the Plaintiff has experienced "physical pain and suffering" as a result of "psychological torture." ECF No. 1 at 10. Therefore, the Court holds the R&R appropriately determined the Plaintiff failed to adequately allege a physical injury.

Finally, the Plaintiff's sixth objection fails to disturb the R&R's conclusion that the Plaintiff has not satisfied the Winter test. Winter imposes a high burden, requiring a "clear showing" that the test is "satisfied as articulated." Stinnie v. Holcomb, 77 F.4th 200, 208 (4th Cir. 2023) (citing Winter, 555 U.S. at 22; Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 347 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010)). The Plaintiff has not met this burden. Indeed, the R&R correctly points out

5

that the Plaintiff's repeated, duplicative, and unsuccessful cases constitute significant evidence that the Plaintiff is not likely to suffer irreparable harm or succeed on the merits here. The Plaintiff's Complaint and objections both fail to make a "clear showing" otherwise.

### III. CONCLUSION

For the above reasons, the Plaintiff's objections [ECF No. 16] are **OVERRULED**. Further, having reviewed the remainder of the R&R for clear error, the Court holds the R&R carefully considered the record and applied the appropriate legal analysis.

Accordingly, it is the opinion of this Court that the R&R [ECF No. 11] should be, and is hereby, **ORDERED ADOPTED**. The Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE**, the request for injunctive relief therein is **DENIED**, and this matter is **ORDERED STRICKEN** from the Court's active docket.

The Clerk of Court is **DIRECTED** to transmit a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED**: October 28, 2024

GINA M. GROH
UNITED STATES DISTRICT JUDGE